CULLEN & DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
C. Nathan Dee, Esq.
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.

Proposed Counsel for Trocom Construction Corp.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                   :

In re:                           :   Chapter 11
                               :

TROCOM CONSTRUCTION CORP.,   :   Case No. 15-42145 (NHL)
                               :
                               :

              Debtor.          :
                               :
---------------------------------------------------------------x

## APPLICATION PURSUANT TO 11 U.S.C. §327(a) FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION OF CULLEN AND DYKMAN LLP AS COUNSEL TO THE DEBTOR EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Trocom Construction Corp., the above-captioned debtor and debtor-in-possession (the "Debtor"), hereby submits this application (the "Application") for entry of an order, pursuant to sections 105(a), 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules"), authorizing the retention and employment of Cullen and Dykman LLP ("C&D") as counsel to the Debtor, effective *nunc pro tunc* to the Petition Date (defined below). The facts and circumstances supporting this Application are set forth herein and in the Affidavit of C. Nathan Dee, Esq. (the "Dee Affidavit"), annexed hereto as Exhibit "A". In further support of this Application, the Debtor respectfully states as follows:

## INTRODUCTION

1.      On May 7, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

2.      The Debtor has remained in possession of its property and continues in the operation and management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      No request for the appointment of a trustee or examiner has been made.  No official committee of unsecured creditors has been appointed in the Debtor's case.

4.      Simultaneously with the filing of its petition, the Debtor filed the Affidavit of Joseph Trovato pursuant to Local Bankruptcy Rule 1007-4.  A more detailed factual background of the Debtor's business and operations, as well as the events leading to the filing of its chapter 11 case, is more fully set forth in the affidavit and incorporated herein by reference.  Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in such affidavit.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6.      The statutory predicates for the relief sought herein are sections 105, 327 and 328 of the Bankruptcy Code, Bankruptcy Rules 2014, 2016 and 5002 and Local Rule 2014-1.

## RELIEF REQUESTED

7.      By this Application, the Debtor respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit "B", authorizing the employment and retention of C&D as counsel to the Debtor, effective *nunc pro tunc* to the Petition Date.

**A.      Scope of Employment**

8.      The Debtor has selected to employ and retain C&D as its bankruptcy counsel because said law firm has considerable experience in matters of commercial insolvency and reorganization under the Bankruptcy Code, particularly in heavy construction cases, and because they believe that such firm is well qualified to represent them as debtor and debtor-in-possession. In addition, the attorneys employed by C&D are admitted to practice before various United States District Courts and Courts of Appeals, and the Courts of the State of New York.

9.      The professional services that C&D will render to the Debtor include, but may not be limited to, the following:

> (a)     advising the Debtor with respect to its powers and duties in the continued operation of its business and management of its property as a debtor and debtor-in-possession;
>
> (b)     representing the Debtor before this Court, and any other court of competent jurisdiction, on matters pertaining to its affairs as a debtor and debtor-in-possession, including prosecuting and defending litigated matters that may arise during this Chapter 11 case;
>
> (c)     advising and assisting the Debtor in the preparation and negotiation of a plan of reorganization with its creditors and other parties in interest;
>
> (d)     preparing all necessary or appropriate applications, motions, complaints, answers, orders, reports and other legal documents; and
>
> (e)     performing all other legal services for the Debtor that may be desirable and necessary in this Chapter 11 case;

(f)      taking all necessary actions to protect and preserve the value of the estate of the Debtor and other related matters.

**B.    C&D's Disinterestedness**

10.    Section 327(a) of the Bankruptcy Code authorizes a debtor to employ attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons . . ." 11 U.S.C. § 327(a).  Except as set forth in the Dee Affidavit, to the best of Mr. Dee's knowledge, C&D holds no claims against the Debtor, does not currently represent any creditors of the Debtor, has never represented any of the Debtor's creditors and represents no interest adverse to the Debtor, as debtor and debtor-in-possession or otherwise, or to the Debtor's estate regarding the matters upon which said firm will be engaged.  The Debtor believes that the employment of C&D is in the best interest of its estate, and that C&D is a "disinterested person" within the meaning of sections 101(14) and 327(a) of the Bankruptcy Code, as such is understood by the Debtor.

11.    As set forth in the Dee Affidavit, C&D has identified connections to the following creditors or other parties in the Debtor's case:

- <u>M&T Bank</u>: C&D currently represents M&T Bank, the Debtor's secured creditor, on leasing matters out of C&D's Albany office, unrelated to the Debtor and the Debtor's estate.  During the 2014 calendar year, fees for services provided to M&T comprised .35% of C&D's gross revenue.  M&T has provided C&D with a conflict waiver.

- <u>Capital One Bank</u>: C&D currently represents Capital One Bank on matters unrelated to the Debtor and the Debtor's estate.  During the 2014 calendar year, fees for services provided to Capital One Bank comprised approximately .10% of C&D's gross revenue.

- <u>National Grid</u>:  C&D currently represents National Grid on matters unrelated to the Debtor and the Debtor's estate.  During the 2014 calendar year, fees for services provided to National Grid comprised approximately 6.37% of C&D's gross revenue.  The amounts owed by the Debtor to National Grid in this chapter 11 case are undisputed and *de minimis* in nature.

- <u>Verizon</u>:  C&D currently represents Verizon on matters unrelated to the Debtor and the Debtor's estate.  During the 2014 calendar year, fees for services provided to Verizon comprised approximately 1.79% of C&D's gross revenue.  The amounts owed by the Debtor to Verizon in this chapter 11 case are undisputed and *de minimis* in nature.

- <u>Tully Environmental, Inc./Willets Point Asphalt Corp.:</u>  C&D does <u>not</u> represent these unsecured creditors of the Debtor.  However, C&D represents Tully Construction Co., Inc., an entity related to those creditors, in matters unrelated to the Debtor and the Debtor's estate.  During the 2014 calendar year, fees for services provided to Tully Construction Co., Inc. comprised approximately .12% of C&D's gross revenue.

- <u>Antoinette Trovato, as Administratrix of the Estate of Salvatore Trovato</u>:  The Debtor is owed a receivable from the Estate of Salvatore Trovato.  C&D does <u>not</u> represent the Estate of Salvatore Trovato.  However, C&D represents Antoinette Trovato as Administratrix of that Estate in matters unrelated to the Debtor and the Debtor's estate.  All members of the Trovato family which have guaranteed the Debtor's obligations are in the process of retaining independent counsel.  C&D does not and will not represent them in connection with any matter

involving Trocom. During the 2014 calendar year, fees for services provided to Ms. Trovato as Administratrix, comprised approximately .73% of C&D's gross revenue.

12.    C&D will not represent any of the foregoing entities in any matters adverse to the Debtor.  To the extent any future matters arise during the pendency of this case in which the Debtor is adverse to such creditors or parties in interest, the Debtor will seek to retain conflicts counsel to the Debtor to handle such matters, except as to M&T Bank which can be sued by C&D. .  In the event that conflicts counsel is retained, C&D has advised the Debtor that it intends to monitor carefully and coordinate with such counsel and will clearly delineate their respective duties so as to prevent duplication of effort whenever possible.

13.    As further set forth in the Dee Affidavit, to the best of Mr. Dee's knowledge, no member, of counsel attorney or associate of C&D has any connection with the Debtor, its creditors, the United States Trustee or any other party with an actual or potential interest in this Chapter 11 case of their respective attorneys or accountants.

**C.    Professional Compensation**

14.    Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis. *See* 11 U.S.C. § 328(a).  C&D intends to apply for compensation for professional services rendered in connection with this Chapter 11 case subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and orders of this Court, at its usual hourly rates subject to normal periodic adjustment, plus reimbursement of its out-of-pocket expenses, charges and disbursements.  A statement pursuant to section 329 of the Bankruptcy Code and Bankruptcy Rule 2016 is set forth in the

Dee Affidavit annexed hereto as Exhibit "A" and is incorporated herein by reference. Annexed hereto as Exhibit "C" is a list of the attorneys employed by C&D who will work on the Debtor's case and their respective hourly rates.

15.    Prior to commencement of the Chapter 11 case, the Debtor paid C&D a total retainer of $50,000 (the "Retainer") to be applied against fees and expenses of C&D in its representation of the Debtor in this Chapter 11 case. As of the Petition Date, the Retainer was fully drawn on account of services rendered to the Debtor prior to the Petition Date. Among other things, C&D provided services to the Debtor and incurred professional fees and related expenses in the amount of $186,646.50 prior to the Petition Date. After application of the Retainer, a balance of $136,646.50 remained due and owing to C&D. C&D has agreed to waive that sum against the Debtor.

16.    A copy of this Application has been provided to the Office of the United States Trustee in accordance with Bankruptcy Rule 2014(a), and the Office of the United States Trustee has approved C&D's retention and the proposed order.

**D.    Request for Approval *Nunc Pro Tunc* to the Petition Date**

17.    The Debtor requests that C&D's retention be made effective *nunc pro tunc* to the Petition Date in order to allow C&D to be compensated for the work it performed for the Debtor following the Petition Date and prior to the Court's consideration and approval of this Application. With the filing of this case, C&D immediately turned its attention to urgent matters including, but not limited to, finalizing various "first day" and other essential motions, and addressing a variety of business, employee, and creditor related issues which are expected to arise as a result of the bankruptcy filing. Further, the Office of the United States Trustee was vetting this application and order. The Debtor submits that, under the circumstances, retroactive

approval of C&D's retention to the Petition Date is warranted. *See, e.g.*, *F/S Airlease II, Inc. v. Simon (In re F/S Airlease II, Inc.)*, 844 F.2d 99, 103 (3d Cir. 1988), *cert. denied*, 488 U.S. 852 (1988); *Indian River Homes, Inc. v. Sussex Trust Co.*, 108 B.R. 46, 51 (D. Del. 1989) (approval of debtor's employment of attorney and real estate agent as of a prior date was not an abuse of discretion)..

18.    No previous Application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Debtor requests that it be authorized to employ and retain C&D as attorneys to represent it as debtor and debtor-in-possession in the Chapter 11 case on the terms set forth in this Application and in the Dee Affidavit, and that the Debtor be granted such other and further relief as is just and proper.

Dated: Garden City, New York
        June 5, 2015

TROCOM CONSTRUCTION CORP.

By: s/ Joseph Trovato
    Joseph Trovato

EXHIBIT "A"

DEE AFFIDAVIT

CULLEN & DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, NY11530
(516) 357-3700
C. Nathan Dee, Esq.
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.

Proposed Counsel for Trocom Construction Corp.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :
TROCOM CONSTRUCTION CORP.,                                       :    Case No. 15-42145 (NHL)
                                                                 :
                                                                 :
                          Debtor.                                :
                                                                 :
-----------------------------------------------------------------x

**AFFIDAVIT OF C. NATHAN DEE IN SUPPORT OF APPLICATION FOR ENTRY OF**
**AN ORDER AUTHORIZING THE RETENTION OF CULLEN AND DYKMAN LLP**
**AS COUNSEL TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE AND**
**DISCLOSURE STATEMENT PURSUANT TO SECTIONS 327(A), 328(A), 329 AND 504**
**<u>OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2014(A) AND 2016(b)</u>**

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NASSAU           )

C. NATHAN DEE, being duly sworn, deposes and says:

1.      I am a member of the law firm of Cullen and Dykman LLP ("C&D"), which

maintains offices for the practice of law at 100 Quentin Roosevelt Boulevard, Garden City,

New York 11530.

2.      I am admitted to practice law before the Courts of the State of New York and,

among other federal courts, the United States District Courts for the Southern and Eastern

Districts of New York.

3.      I make this affidavit (the "Affidavit") in support of the application (the "Application") of Trocom Construction Corp., the above-captioned debtor and debtor-in-possession (the "Debtor") for entry of an order, pursuant to sections 105(a), 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules"), authorizing the retention and employment of Cullen and Dykman LLP ("C&D") as counsel to the Debtor, effective *nunc pro tunc* to May 7, 2015 (the "Petition Date") on the terms set forth in the Application. This Affidavit also provides the disclosure required under Bankruptcy Rules 2014(a) and 2016(b).

4.      Unless otherwise stated in this Affidavit, I have personal knowledge of the facts set forth herein. To the extent any information which is disclosed herein requires amendment or modification upon C&D's completion of further review or as additional information becomes available to it, a supplemental affidavit will be submitted to the Court reflecting such amended or modified information.

5.      The Debtor has been authorized to remain in possession of its property and to continue in the operation and management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.      C&D is not a creditor of the Debtor.   Prior to commencement of the Chapter 11 case, the Debtor paid C&D a total retainer of $50,000 (the "Retainer") to be applied against fees and expenses of C&D in its representation of the Debtor in this Chapter 11 case.   As of the Petition Date, the Retainer was fully drawn on account of services rendered to the Debtor prior to the Petition Date.   Among other things, C&D provided services to the Debtor and incurred

professional fees and related expenses in the amount of $186,646.50 prior to the Petition Date. After application of the Retainer, a balance of $ 136,646.50 remained due and owing to C&D. C&D has agreed to waive that sum against the Debtor.

7.    To the best of my knowledge, formed after reasonable inquiry, neither I nor any other member, of counsel attorney, or associate of C&D holds any claims against the Debtor or represents any interest adverse to the above-captioned estate. I believe that C&D is "disinterested" as defined in section 101(14) of the Bankruptcy Code.

8.    Neither I, nor any other member, of counsel attorney or associate of C&D, as far as I have been able to ascertain, has any connection with the Debtor, its creditors, the United States Trustee or any other party with an actual or potential interest in this Chapter 11 case or their respective attorneys or accountants, other than as set forth herein.

9.    In connection with its proposed retention by the Debtor in this case, C&D has researched its client and conflict database to determine whether it has or had any relationships with the following entities that would create a conflict of interest or affect its status as being disinterested with the meaning of section 101(14) of the Bankruptcy Code:

(a)    the Debtor and its officers and directors;

(b)    the Debtor's 20 largest unsecured creditors;

(c)    parties in significant litigation with the Debtor;

(d)    the Debtor's pre-petition secured lender;

(e)    parties that are counterparties to various agreements, including leases, licenses and other contracts with the Debtor; and

(g)    the professionals that the Debtor has sought or will seek to employ in this Chapter 11 case, pursuant to applications filed, or anticipated to be filed, as of the date hereof.

10.    As a result of the research performed to date, C&D makes the following

disclosures:

(a)    <u>The Debtor, and the Debtor's Officers and Directors:</u> To the best of
my knowledge, formed after reasonable inquiry, neither C&D nor
any member, of counsel attorney or associate thereof is related to
the Debtor or its officers or directors, nor has C&D provided
services to the Debtor, its officers or directors in connection with
these proceedings.

(b)    <u>The Debtor's Twenty (20) Largest Unsecured Creditors:</u> To the
best of my knowledge, formed after reasonable inquiry, neither
C&D nor any member, of counsel attorney or associate thereof
has provided services to any of the Debtor's twenty (20) largest
unsecured creditors.

(c)    <u>The Debtor's Pre-petition Secured Lender:</u>    C&D currently
represents M&T Bank, the Debtor's pre-petition secured lender,
in leasing matters out of C&D's Albany office, unrelated to the
Debtor's case.  During the 2014 calendar year, the fees generated
from services rendered by C&D to M&T Bank constituted .35%
of C&D's gross revenues.  M&T Bank has provided C&D with a
conflict waiver.

(d)    <u>Parties in Significant Litigation with the Debtor:</u> To the best of
my knowledge, formed after reasonable inquiry, C&D has not
provided services to any other entity that is or was in litigation, as
of the date of this affidavit, with the Debtor.

(e)    <u>Counterparties to Various Agreements with the Debtor:</u> To the best
of my knowledge, formed after reasonable inquiry, C&D has not
represented or provided services to any entity that is a counter
party to any agreement with the Debtor.

(f)    <u>The Professionals Retained or to be Retained in this Chapter 11
Case:</u> To the best of my knowledge, formed after reasonable
inquiry, C&D has not represented or provided services to any
professional which the Debtor may seek to retain.

(g)    <u>Other:</u>

• <u>Capital One Bank</u>: C&D currently represents Capital One Bank on
matters unrelated to the Debtor and the Debtor's estate.  During the
2014 calendar year, fees for services provided to Capital One Bank
comprised .10% of C&D's gross revenue.

- **National Grid**: C&D currently represents National Grid on matters unrelated to the Debtor and the Debtor's estate. During the 2014 calendar year, fees for services provided to National Grid comprised approximately 6.37% of C&D's gross revenue. The amounts owed by the Debtor to National Grid in this chapter 11 case are undisputed and *de minimis* in nature.

- **Verizon**: C&D currently represents Verizon on matters unrelated to the Debtor and the Debtor's estate. During the 2014 calendar year, fees for services provided to Verizon comprised approximately 1.79% of C&D's gross revenue. The amounts owed by the Debtor to Verizon in this chapter 11 case are undisputed and *de minimis* in nature.

- **Tully Environmental, Inc./Willets Point Asphalt Corp.**: C&D does not represent these unsecured creditors of the Debtor. However, C&D represents Tully Construction Co., Inc., an entity related to those creditors, in matters unrelated to the Debtor and the Debtor's estate. During the 2014 calendar year, fees for services provided to Tully Construction Co., Inc. comprised approximately .12% of C&D's gross revenue.

- **Antoinette Trovato, as Administratrix of the Estate of Salvatore Trovato**: The Debtor is owed a receivable from the Estate of Salvatore Trovato. C&D does not represent the Estate of Salvatore Trovato. However, C&D represents Antoinette Trovato as Administratrix of that Estate in matters unrelated to the Debtor and the Debtor's estate. All members of the Trovato family which have guaranteed the Debtor's obligations are in the process of retaining independent counsel. C&D does not and will not represent them in connection with any matter involving Trocom. During the 2014 calendar year, fees for services provided to Ms. Trovato as Administratrix, comprised approximately .73% of C&D's gross revenue.

11.     Given C&D's current representation of the foregoing parties, to the extent a need arises in the future for the Debtor to pursue an interest adverse to such parties, the Debtor will seek to retain conflicts counsel to the Debtor, except as to M&T Bank which can be sued by C&D. In the event that conflicts counsel is retained, C&D has advised the Debtor that it intends to monitor carefully and coordinate with such counsel and will clearly delineate their

respective duties so as to prevent duplication of effort, whenever possible

     12.    The proposed employment of C&D is not prohibited by or improper under Bankruptcy Rule 5002. I am not related, and to the best of my knowledge, no employee of C&D is related, to any United States Bankruptcy Judge or District Court Judge for the Southern District of New York or to the United States Trustee for such district or any employee in the office thereof.

     13.    Pursuant to Bankruptcy Rule 2014 the affiant and the attorneys at C&D are experienced bankruptcy practitioners having represented debtors before this Court for more than 60 collective years. The attorneys at C&D have acted as debtor's counsel in the following chapter 11 cases that have confirmed plans before Judges of this District and the Southern District of New York:

     a.    Grace Industries, Inc. – 1-04-27013 (CEC)

     b.    Grace Asphalt Inc. – 1-04-27015 (CEC)

     c.    Grace Associates LLC Corp. – 1-06-43325 (CEC)

     d.    Harper Street Realty LLC – 1-06-42964 (CEC)

     e.    30-01 Harper Street Realty LLC – 1-06-42964 (CEC)

     f.    Global Container Lines Ltd. – 8-09-78585 (AST)

     g.    Ship Trade Inc. – 8-09-78585 (AST)

     h.    GCL Shipping Corp. – 8-09-78586 (AST)

     i.    Montcalm Publishing Corp. – 08-10447 (SMB)

     j.    Sunnymeade Leasing LLC – 1-10-43362 (CEC) (Creditor's Plan)

     k.    Smart World Technologies – 00-41645 (JMP)

     l.    Cedar Chemical Corporation – 02-11039 (SMB)

m.      Vicksburg Chemical Company – 02-11040 (SMB)

n.      The Athlete's Foot Stores, LLC – 04-17779 (SMB)

o.      Delta Pace LLC – 04-17780 (SMB)

14.     In addition to these cases, the attorneys of C&D have represented numerous chapter 7 debtors, creditors and other parties-in-interest in chapter 11 proceedings before this Court and the Courts in the Southern District of New York, the District of New Jersey and the District of Connecticut.    Moreover, the attorneys at C&D have significant experience representing heavy construction companies in chapter 11 proceedings.    Accordingly, it is respectfully submitted that C&D has the requisite experience to represent the Debtor as counsel in this case.

15.     As set forth in the Application, the Debtor is requesting, pursuant to section 328(a) of the Bankruptcy Code, approval of their retention of C&D on reasonable rates, terms and conditions consistent with what C&D charges non-chapter 11 debtors, namely, payment of its non-discounted hourly rates as adjusted from time-to-time and reimbursement of out-of-pocket expenses at a cost or based upon an estimate that approximates the actual cost when the actual cost is not usually ascertainable.

16.     Subject to this Court's approval, in accordance with sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules and Local Rules as may be applicable from time to time, and such other procedures as may be fixed by order of this Court, C&D will seek compensation on an hourly basis, plus reimbursement of its actual and necessary expenses incurred in connection with performing services for and on behalf of the Debtor.    Subject to the Court's approval, C&D will bill for services in accordance with its ordinary and customary rates in effect on the date services are rendered, which rates C&D believes are reasonable.

C&D's current non-discounted customary, hourly rates, subject to change from time to time, are $250 to $550 for members and counsel, $150 to $375 for associates and $75 to $190 for paraprofessionals. Pursuant to Local Rule 2014-1, C&D believes that the terms and conditions of its employment are reasonable.

17.     C&D's disbursement policy is to pass through all out-of-pocket expenses at actual cost, or as an estimated actual cost when the actual cost can not be readily ascertained. These expenses include facsimiles, photocopying, toll calls, overtime staff wages, overtime meals, computerized research, deliveries, court costs, transcript fees, postage, travel, clerk and court fees, and other expenses.

18.     No promises have been received or made by C&D or any member, counsel or associate thereof as to payment or compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules. C&D has no agreement with any other entity to share with such entity any compensation received by C&D or by such entity.

19.     To the best of my knowledge, there are no amounts owing to C&D by the Debtor for services unrelated to the retention sought in the Application. To the extent that there are any amounts owing to C&D arising prior to the date of the filing of the Debtor's Chapter 11 case, C&D agrees to waive any claims for such amounts.

20.     I believe that C&D is a "disinterested person" within the meaning of 11 U.S.C. §§ 101(14) and 327(a).

21.     The foregoing constitutes the statement of C&D pursuant to section 327(a), 328(a), 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

s/ C. Nathan Dee
C. NATHAN DEE

Sworn to before me this
5th day of June, 2015.

s/ Bonnie Pollack
Notary Public
No. 4962169
Expires March 13, 2018

EXHIBIT "B"

PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------x
                                                    :
In re:                                              :    Chapter 11
                                                    :
TROCOM CONSTRUCTION CORP.,                          :    Case No. 15-42145 (NHL)
                                                    :
                                                    :
                    Debtor.                         :
                                                    :
--------------------------------------------------------------------x

**ORDER AUTHORIZING THE RETENTION OF**
**CULLEN AND DYKMAN LLP AS COUNSEL TO THE DEBTOR**
**EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application dated June 5, 2015 (the "Application")[1] of Trocom Construction

Corp., the above-captioned debtor and debtor-in-possession (the "Debtor") for entry of an order,

pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule

2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of

the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules"),

authorizing the retention and employment of Cullen and Dykman LLP ("C&D") as counsel to the

Debtor, effective *nunc pro tunc* to the Petition Date; and upon the affidavit of C. Nathan Dee,

Esq., a member of C&D, sworn to on May 13, 2015 (the "Dee Affidavit"), which includes the

statement of C&D pursuant to section 329 of the Bankruptcy Code and Bankruptcy Rule

2016; the Court finds that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§

157 and 1334, this is a core matter pursuant to 28 U.S.C. § 157(b)(2), notice of the Application

was sufficient under the circumstances and that no further notice need be given; C&D is

"disinterested" and eligible for retention pursuant to sections 101(14) and 327(a) of the

Bankruptcy Code, the terms of the engagement are reasonable and appropriate, and the legal and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the
Application.

factual bases set forth in the Application and Dee Affidavit establish just cause for the relief granted herein, it is hereby

ORDERED, that the Application is granted to the extent provided herein; and it is further

ORDERED, that the Debtor is hereby authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016 and 5002, and Local Rule 2014-1, to retain and employ C&D as counsel to represent it as debtor and debtor-in-possession effective *nunc pro tunc* as of the Petition Date on the terms set forth in the Application and the Dee Affidavit, with the compensation of and expense reimbursement to C&D to be hereafter fixed by this Court upon the filing of a proper application or applications therefor under 11 U.S.C. §§ 330 and 331 and/or in accordance with any Court order establishing procedures for interim or periodic compensation; and it is further

ORDERED, prior to any increases in C&D's rates for any individual employed by C&D and providing services in this case, C&D shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the U.S. Trustee and any parties in interest that have filed a notice of appearance and request for notices. The supplemental affidavit shall explain the basis for the rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code; and it is further

ORDERED, that C&D is authorized to perform the following services:

(a)     Advising the Debtor with respect to its power and duties in the continued

operation of its business and management of its property as a debtor and debtor-in-possession;

(b)    Taking all necessary actions to protect and preserve the value of the estate of the Debtor and related matters;

(c)    Representing the Debtor before this Court, and any other court of competent jurisdiction, on matters pertaining to its affairs as a debtor and debtor-in-possession, including prosecuting and defending litigated matters that may arise during this Chapter 11 case;

(d)    Advising and assisting the Debtor in the preparation and negotiation of a plan of reorganization with its creditors and other parties in interest;

(e)    Preparing all necessary or appropriate applications, motions, complaints, answers, orders, reports and other legal documents;

(f)    Taking all necessary actions to protect and preserve the value of the estate of the Debtor and related matters; and

(g)    Performing all other legal services for the Debtor that may be desirable and necessary in this Chapter 11 case; and it is further

ORDERED, that C&D shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated November 25, 2009m the Amended Guidelines for Fees and Disbursements for Professionals in the Eastern District of New York, dated November 25, 2009, and the United States Trustee Fee Guidelines (collectively, the "Fee Guidelines"); and it

is further

ORDERED, that C&D shall be reimbursed only for reasonable and necessary expenses as provided by the "Fee Guidelines"; and it is further

ORDERED, that the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that to the extent the Application and engagement letter are inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.


No Objection:


_____

Office of the United States Trustee

# EXHIBIT "C"

## ATTORNEYS LIST

**CULLEN AND DYKMAN LLP**
**BILLING RATES OF PROFESSIONALS AS OF 1/1/15**

| NAME OF PROFESSIONAL | YEAR ADMITTED | TITLE | HOURLY RATE |
|---|---|---|---|
| Matthew G. Roseman | 1989 | Partner | $525.00 |
| C. Nathan Dee | 2000 | Partner | $485.00 |
| Bonnie L. Pollack | 1990 | Partner | $485.00 |
| Jean-Pierre van Lent | 1974 | Partner | $445.00 |
| Elizabeth M. Aboulafia | 2009 | Associate | $370.00 |
| Alissa Piccione | n/a | Law Clerk | $250.00 |