UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

Trocom Construction Corp.,

                       Debtor.
------------------------------------------------------------X

Chapter 11

Case No. 1-15-42145-nhl

# DECISION DENYING MOTION TO FILE A LATE PROOF OF CLAIM

Appearances:

Alissa K. Piccione
Cullen & Dykman LLP
100 Quentin Roosevelt Blvd.
Garden City, NY 11530
*Counsel for the Debtor*

James M. Steinberg
Brady McGuire & Steinberg, P.C.
303 South Broadway, Suite 234
Tarrytown, NY 10591
*Counsel for the Movant*

NANCY HERSHEY LORD
UNITED STATES BANKRUPTCY JUDGE

The International Union of Operating Engineers Local 15 Fringe Benefit Funds[1] (the "Fund"), an unsecured creditor of debtor-in-possession Trocom Construction Corp. ("Trocom"), seeks an order of the Court pursuant to Rule 9006(b)(1) deeming its late filed proof of claim timely filed.[2] Trocom objects to the motion on the grounds that it properly served the bar date notice on all of its creditors, including the Fund, and that the Fund has failed to demonstrate excusable neglect, the standard required before a late filed claim may be deemed timely. For the reasons set forth below, the Court agrees with Trocom and denies the Fund's motion to allow its late filed proof of claim.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and the Eastern District of New York standing order of reference dated August 28, 1986, as amended by order dated December 5, 2012. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

Trocom is a construction company whose primary customer is the City of New York through its various agencies. Aff. Joseph Travato, ECF No. 2.[3] Trocom has approximately 75 employees, the majority of whom are members of unions, including Local 15, whose members are Fund beneficiaries. *See* Aff. Joseph Travato, ECF No. 2; Mot. to File Late Proof of Claim, ECF No. 195.

---

[1] The Fund is formally known as the Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the International Union of Operating Engineers Local 15, 15A, 15C & 15D, AFL-CIO.
[2] All statutory references are to 11 U.S.C. et seq. ("Bankruptcy Code" or "Code") and all references to Rules are to the Federal Rules of Bankruptcy Procedure, unless otherwise noted.
[3] Citations to "ECF" are to documents filed on the docket of this proceeding, identified by docket number.

1

Trocom filed for chapter 11 relief on May 7, 2015. Aff. Joseph Travato, ECF No. 2. In its Schedule F, filed July 22, 2015, Trocom listed the Fund as an unsecured creditor with an undisputed claim of $49,331.72. Sched. F, ECF No. 99. On August 4, 2015, this Court entered a bar date order, which established October 1, 2015 (the "Bar Date") as the deadline by which all non-government entities must file proofs of prepetition claims. *See* Order Setting Last Day to File Proofs of Claim, ECF No. 109. On August 7, 2015, Trocom served notice of the Bar Date on its creditors, including the Fund. Debtor's Obj. to Mot. to File Late Proof of Claim, ECF No. 209-1. The Fund does not dispute that it had notice of the Bar Date. Mot. to File Late Proof of Claim, ECF No. 195. On or about October 7, 2015, the Fund obtained an auditor's review of Trocom's payroll and tax records in order to determine whether Trocom had remitted the proper amount of fringe benefit contributions for the July 1, 2012 through June 30, 2015 period. Mot. to File Late Proof of Claim, ECF No. 195. The auditor issued a report dated January 28, 2016, which indicated that Trocom owed contributions and interest of $69,212.60. Mot. to File Late Proof of Claim, ECF No. 195. The Fund filed a proof of claim in that amount on March 15, 2016—166 days after the Bar Date. Mot. File Late Proof of Claim, ECF No. 195. On the same date, the Fund filed this motion pursuant to Bankruptcy Rule 9006(b)(1)[4], asking this Court to deem its proof of claim timely filed. Mot. to File Late Proof of Claim, ECF No. 195.

---

[4] The Fund also cites Bankruptcy Code § 105 in support of its motion but does not proffer any argument based on it. Nevertheless, this provision does not entitle courts to "create substantive rights that are otherwise unavailable" but rather grants courts "the power to exercise equity in carrying out the *provisions* of the Bankruptcy Code . . . ." *In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86, 92 (2d Cir. 2003) (emphasis in the original). Accordingly, this section does not permit this Court to circumvent the Code's and Rules' clear dictates regarding claims bar dates.

**LEGAL STANDARD**

Not every creditor is required to file a proof of claim in a chapter 11 case. *See* 11 U.S.C. § 1111(a)[5]; *In re Hooker Inv., Inc.*, 937 F.2d 833, 835 (2d Cir. 1991). An unsecured creditor whose claim is scheduled as "disputed, contingent, or unliquidated" must file a timely proof of claim in order to be treated as a creditor with respect to that claim for voting and distribution purposes. Fed. R. Bankr. P. 3002(a). Similarly, creditors who disagree with the amount or status of their claim as set forth in the debtor's schedules must also file a proof of claim prior to the bar date. *See In re G-I Holdings, Inc.*, 313 B.R. 612, 635 (Bankr. D.N.J. 2004).

The Rules provide that "the court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). Bar date orders "serve[] the important purpose of enabling the parties to a bankruptcy case to identify with reasonable promptness the identity of those making claims against the bankruptcy estate and the general amount of the claims, a necessary step in achieving the goal of successful reorganization." *In re Hooker Inv., Inc.*, 937 F.2d at 840. Thus, bar date orders are not mere "procedural gauntlets" but "an integral part of the reorganization process." *Id.* Bar date orders allow a debtor and its creditors to quickly know what parties are making claims and in what general amounts, but they do not fix the final allowed amounts of claims. *In re Kolstad*, 928 F.2d 171, 173–74 (5th Cir. 1991). Creditors with reason to believe they may have a claim but do not yet know the amount of that claim may file a protective proof of claim. *Sec. Inv'r Prot. Corp v. Bernard Madoff Inv. Sec. LLC*, 2009 WL 458769, at *2 (Bankr. S.D.N.Y. Feb. 24, 2009).

---

[5] Bankruptcy Code section 1111(a) provides that "A proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules filed under section 521(a)(1) or 1106(a)(2) of this title, except a claim or interest that is scheduled as disputed, contingent, or unliquidated." 11 U.S.C. § 1111(a).

Rule 9006 provides the rules by which bankruptcy courts compute and extend time periods specified under any rule or statute that does not specify a method of computing time, such as Rule 3003. It allows a court "for cause shown . . . at any time in its discretion" to enlarge a specified period in which an act is allowed "on motion made after the expiration of the specified period . . . where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). Courts apply a two-part test in determining whether a failure to act was a result of "excusable neglect." *In re Glob. Aviation Holdings Inc.*, 495 B.R. 60, 64 (Bankr. E.D.N.Y. 2013). The first step is to determine whether "neglect" occurred; the second is to determine whether that neglect was "excusable." *Id.* Under Rule 9006, "neglect" is present when the circumstance is due to "inadvertence, mistake, or carelessness" or "intervening circumstances beyond the party's control." *Id.* Accordingly, Rule 9006 does not allow late claims filed in conscious disregard of the bar date, as conscious disregard does not constitute "neglect." *Id.*

Whether neglect is "excusable" under Rule 9006(b)(1) is essentially an equitable consideration, based on "all relevant circumstances surrounding the party's omissions." *Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993). In *Pioneer*, the Supreme Court considered four factors in determining whether neglect may be considered "excusable": (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 395.

In the Second Circuit, the third factor—the reason for the delay—is weighted more heavily than the other factors, which are considered "only in close cases." *In re Glob. Aviation Holdings*, 495 B.R. at 65 (citing *Williams v. KFC Nat'l Mgmt. Co.,* 391 F.3d 411, 415–16 (2d Cir.2004)). This is because the first, second, and fourth factors usually favor the party seeking

the extension. *In re Lyondell Chem. Co.*, 543 B.R. 400, 409 (Bankr. S.D.N.Y. 2016).

Furthermore, the Second Circuit takes a "hard line" in applying the *Pioneer* test, in that "the equities will rarely if ever favor a party who fail[s] to follow the clear dictates of a court rule." *In re Enron Corp.*, 419 F.3d 115, 123 (2d Cir. 2005) (quoting *Silivanch v. Celebrity Cruises Inc.*, 333 F.3d 355, 366 (2d Cir. 2003)). Consequently, "where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Id.* at 122–23 (quoting *Silivanch*, 333 F.3d at 366–67).

## DISCUSSION

The Fund has failed to demonstrate excusable neglect under *Pioneer*.[6] Beginning with the third prong—the reason for the delay, and whether it was within the reasonable control of the movant—the Fund points out that the audit did not occur until after the Bar Date had passed. Mot. to File Late Proof of Claim, ECF No. 195. It alleges that the audit was done on a random basis by an auditor that lacked notice of the Bar Date. *Id.* Finally, it points out that its counsel did not have notice of the audit and report until February 6, 2016, four months after the Bar Date had passed. *Id.* The Fund therefore contends that its failure to file a claim was not due to inadvertence, mistake, or carelessness. *Id.* It alleges that it sought to file its late proof of claim within seven weeks of the issuance of the report, which was "well within a reasonable period of time." *Id.*

---

[6] It is unclear whether the Fund's late proof of claim even constitutes "neglect" under Rule 9006. *See In re Glob. Aviation Holdings*, 495 B.R. at 64. First, the Fund does not dispute that it had notice of the Bar Date. Mot. to File Late Proof of Claim, ECF No. 195. In addition, by the Fund's own account, its late filing was not due to "inadvertence, mistake, or carelessness." Mot. to File Late Proof of Claim, ECF No. 195. Nor does the Fund state that the circumstances that led to the late filing were beyond its control. The Fund states that the audit occurred on a random basis and after the Bar Date, and that its counsel did not receive notice of the report until February 5, 2016. Mot. to File Late Proof of Claim, ECF No. 195. However, it does not allege that any of these events was beyond its control. Furthermore, even after the January 28, 2016 issuance of the report, the Fund took nearly seven additional weeks to file its proof of claim. Mot. to File Late Proof of Claim, ECF No. 195. These facts suggest conscious disregard of the Bar Date.

These facts do not demonstrate excusable neglect. The only entity that the Fund alleges lacked notice of the Bar Date is the auditor. *See* Mot. to File Late Proof of Claim, ECF No. 195. This fact is irrelevant to the inquiry. The relevant issue is whether the Fund had notice of the Bar Date. It is undisputed that the Fund was properly served with notice of the Bar Date and was aware of the Bar Date. *See* Mot. to File Late Proof of Claim, ECF No. 195; Debtor's Obj. to Mot. to File Late Proof of Claim, ECF No. 209. Furthermore, Trocom's Schedule F, filed more than two months prior to the Bar Date, listed the Fund's claim as undisputed. Sched. F, ECF No. 99. The Fund was therefore on notice that it likely had a claim to Trocom's estate well before the audit, yet failed to protect its interest in amending the scheduled amount of its claim.[7] It is irrelevant that Trocom did not consent to the audit until several days after the Bar Date, as the Fund did not need to know the exact amount of its claim in order to protect it. The Fund could have filed a timely proof of claim indicating its disagreement with the amount of the claim as listed in Trocom's schedules, but failed to do so.[8]

Because the facts demonstrate that this is not a "close case," the Court will not consider the remaining *Pioneer* factors. As the Fund has failed to satisfy the key factor of the *Pioneer* test, it has not demonstrated excusable neglect. Bar dates are an integral part of the reorganization process, and the Fund was aware of the Bar Date but allowed it to pass without filing a proof of claim. While the Fund's undisputed claim of $49,331.72, as listed in Trocom's Schedule F, is

---

[7] There is no indication whether the Fund's proof of claim relates to the claim as listed on Trocom's Schedule F. *See* Hr'g Tr., 27–28, Apr. 20, 2016, ECF No. 242. Assuming arguendo that the Fund's proof of claim is not a new claim but simply an increase of the scheduled amount, Trocom's inclusion of the Fund's claim in its schedules does not constitute an informal proof of claim that the Fund could amend after the Bar Date. An informal proof of claim must be "1) timely filed with the bankruptcy court and become part of the judicial record, 2) state the existence and the nature of the debt, 3) state the amount of the claim against the estate, and 4) evidence the creditor's intent to hold the debtor liable with the debt." *In re St. James Mechanical, Inc.*, 434 B.R. 54 (Bankr. E.D.N.Y. 2010). Trocom's Schedule F lists the Fund's claim as undisputed, and the Fund filed nothing with the Court prior to the Bar Date that would have indicated that it disputed the scheduled amount of the claim or intended to hold Trocom liable for a different amount.

[8] *See In re G-I Holdings, Inc.*, 313 B.R. at 635.

deemed filed pursuant to section 1111(a) of the Code, its motion to file a late claim of $69,212.60 must be denied.

## CONCLUSION

For all the reasons stated above, the Fund's motion is denied. A separate order will issue.



Dated: September 1, 2016  
Brooklyn, New York

Nancy Hershey Lord  
United States Bankruptcy Judge